Merrigan, J.
In this case, the defendant Holyoke Hospital, Inc. appeals pursuant to Dist/Mun. Cts. RAD.A, Rule 8C(b), from an adverse finding entered in the Northampton District Court This claim is based upon injuries sustained by the plaintiff Mary Moise when she fell in the parking lot of Holyoke Hospital. From the Memorandum of the trial judge, we discern the following facts. Moise, then 69 years old, went to the hospital in December 1996 to visit a patient. She parked her car in the hospital lot It had snowed recently and snow had been plowed into a 3 to 3 1/2 foot mound between two rows of parking spaces facing each other. Moise *15 parked her car on the side of the mound away from the hospital. When she got out of her car to enter the hospital, Moise walked parallel to the mound through the lot to the entrance of the hospital. This was about 200 to 300 feet After her visit, rather than walk the long way around, Moise decided to take a shortcut and traverse the mound. Moise slipped and fell on the ice on the surface of the lot as she stepped down from the mound.
Observing that “[t]here is no evidence that some act or failure to act by the defendant changed the condition of the accumulated snow and ice on which the plaintiff slipped,” the trial judge made a finding that the “plaintiffs fall cannot be attributable to an unnatural accumulation of snow and or ice.” The judge also concluded that the “piling of snow up between parked cars thus blocking a more direct access to the hospital” was negligence by Holyoke Hospital which proximately caused Moise’s injuries. The judgment that entered against Holyoke Hospital reduced Moise’s recovery by 40%, the amount of contributory negligence the judge attributed to the causation of her injuries.
Liability of Holyoke Hospital cannot be maintained on the premise that the hospital had a duty to remove all snow so that all visitors could reach the entrance by the shortest route possible. We conclude as a matter of law that the hospital had no such duty. It is a fact of life in New England that winter snowfall and its removal will cause some inconvenience to inhabitants. Snowfall accumulations vary from winter to winter, and snow plowing operations by landowners, commercial or private, only require reasonableness under the circumstances. Snow removal and plowing is no doubt subject to several variables, i.e., the amount, frequency, intervening melting, available space to deposit snow, etc. Nothing here done by the hospital, as noted by the judge, gives rise to liability for injuries sustained as a result of the unnatural accumulation of snow and ice caused by the hospital’s snow removal practices. Rather, the circumstances here relate only to the fact that a snow mound necessitated a longer walk to reach the hospital’s entrance. The decision to venture the snow mound was purely Moise’s, the inconvenience posed by the snow mound notwithstanding.
The dangers of climbing over a 3 to 31/2 foot snowbank to an ordinary, reasonable and prudent 69 year old individual are obvious. “It is well established in our law of negligence that a landowner’s duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence.” O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). A landowner need “not... supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.” Toubiana v. Priestly, 402 Mass. 84, 88 (1988), quoting Gadowski v. Union Oil Co. of Boston, 326 F2d 524, 525 (1st Cir. 1964). In this case, Holyoke Hospital owed no duty to remove snow from the parking lot so that visitors could reach the entrance by the shortest route possible.
The judgment is reversed.